UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
MAY - 7 2018
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| Yaisha Hodges, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 18-790 (UNA) |
| ) | |
| Aaron McCurdy *et al.*, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action.

1

Plaintiff has sued various defendants, including public entities and employees in Pennsylvania, Ohio, New York and Virginia, for a host of claims that are not clearly delineated. The instant complaint is neither short nor plain, and it appears that some defendants, *e.g.*, a county court, may be immune from suit. Plaintiff identifies the basis of jurisdiction as diversity of citizenship. Compl. at 3. Diversity of citizenship is assessed at the time the suit is filed, *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428-29 (1991), and "the citizenship of every party to the action must be distinctly alleged and cannot be established presumptively or by mere inference," *Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004). "The party seeking the exercise of diversity jurisdiction bears the burden of pleading the citizenship of each and every party to the action," and "failing to establish citizenship is not a mere technicality." *Novak v. Capital Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006) (internal quotation marks and citation omitted). " '[A]n allegation of residence alone is insufficient to establish the citizenship necessary for diversity jurisdiction.' " *Id.* (quoting *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983)).

Plaintiff lists as her residence a Washington, D.C. address, which the Court judicially notices to be a homeless shelter in the District. In the printed form complaint, plaintiff indicates that she is a citizen of Washington, D.C., which is questionable since (1) the complaint arises from custody and other domestic matters that allegedly occurred in Pennsylvania, Ohio, New York, and Richmond, Virginia, (2) nothing is alleged to have occurred in or near the District of Columbia, and (3) plaintiff's current District residence is a temporary homeless shelter. Moreover, plaintiff has pled no cogent facts to show that her purported "claim in good faith exceeds $75,000." *Meng*, 305 F. Supp. 2d at 55. And a "district court should dismiss an action

for lack of subject matter jurisdiction when [as here] the facts and allegations . . . belie the plaintiffs' averment that federal jurisdiction exists." *Id.*

Even if plaintiff has met her jurisdictional burden, the complaint is simply too convoluted to provide adequate notice to each defendant of a discernible claim, as required by Rule 8(a). *See Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017) (noting that "a complaint that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material will patently fail [Rule 8(a)'s] standard, and so will a complaint that contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments") (citations and internal quotation marks omitted)). Therefore, this case will be dismissed without prejudice. A separate order accompanies this Memorandum Opinion.

_____
United States District Judge

Date: May 7, 2018